UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION** | Case No.  10-md-02143-RS |
| HEWLETT-PACKARD COMPANY, <br> Plaintiff, <br> v. <br> TOSHIBA CORPORATION, ET AL., <br> Defendants. | Case No. C 13-5370 RS |
| HEWLETT-PACKARD COMPANY, <br> Plaintiff, <br> V. <br> LG ELECTRONICS, INC., ET AL., <br> Defendants. | Case No. C 13-5371 RS |
| INGRAM MICRO, INC., ET AL. <br> Plaintiff, <br> V. <br> LG ELECTRONICS, INC., ET AL. <br> Defendants. | Case No. C 13-5372 RS |

**ORDER DENYING MOTIONS TO DISMISS AND MOTION TO CONSOLIDATE**

## I. INTRODUCTION

The three cases individually captioned above are so-called Direct Action Plaintiff ("DAP") proceedings under the penumbra of this Multi District Litigation, which involves an alleged antitrust conspiracy in the Optical Disc Drive ("ODD") industry. Various motions to dismiss have been filed in the actions, based on overlapping arguments. Additionally, defendants move to consolidate the two actions brought by Hewlett-Packard Company ("HP"). For the reasons set out below, all the motions will be denied.

## II. DISCUSSION[1]

A. Breach of contract claims

In the two cases brought by HP, certain defendants have moved to dismiss the breach of contract and breach of the covenant of good faith and fair dealing claims. The challenge to the sufficiency of the ordinary breach of contract claims is as to specificity. Defendants contend that plaintiffs have not adequately set out the specific contracts, and have instead improperly relied on generalized allegations that all defendants entered into contracts. The complaints, however, clearly explain HP's theory—its purchases of ODDs were made pursuant to purchase orders and/or in some cases master purchase agreements, all of which "typically" contained provisions requiring the sellers to comply with applicable law and to preserve HP's confidential information. By allegedly engaging in the price-fixing conspiracy, defendants purportedly violated those terms.

Although the allegations are indeed generalized and somewhat conclusory, under the circumstances here the concerns defendants present are more appropriately addressed through the

---

[1] The parties are familiar with the factual and procedural background in this MDL proceeding, which has also been recounted in multiple prior orders. Although these DAP complaints are technically separate actions, that general history will not be recounted here.

Case No. 10-md-02143-RS

discovery process, and perhaps ultimately through summary judgment practice, than as a matter of pleading. The allegations are sufficient to state a contract claim, and provide defendants with adequate notice. Whether HP will in fact be able to produce relevant contracts applicable to each defendant, containing language substantially like that alleged, remains to be seen. Dismissal to permit more detailed pleading, however, is not warranted.

The challenge to HP's claim for breach of the covenant of good faith and fair dealing is premised on the arguments that Texas law will govern the contractual claims, and that Texas law requires a "special relationship," which HP has not alleged and cannot allege in the context of these ordinary commercial transactions. The requirement of a "special relationship" to recover *in tort* for breach of the covenant of good faith and fair dealing is not unique to Texas law. *See, e.g., Foley v. Interactive Data Corp.,* 47 Cal. 3d 654, 682 (1988) (holding tort remedies for breach of the covenant unavailable in employment context). Nothing in the complaints, however, suggests HP is seeking to recover in tort, and its briefing specifically disclaims any such intent.

It may be that under the law of any or all of the states that arguably could govern these contracts, a breach of covenant claim is essentially duplicative to a breach of contract claim, where no tort remedy is sought. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.") Any such duplication, however, does not compel a conclusion that the claim must be dismissed. Accordingly, the separate motions to dismiss the contractual claims, (C13-5370 RS Dkt. No. 32 and C13-5371 RS Dkt. No. 40), and that portion of the motion to dismiss brought by the Quanta defendants (C13-5370 RS Dkt. No. 38), are denied.

B. Jurisdiction over Quanta Storage, Inc.

In both C13-5370 RS and C13-5372 RS, defendant Quanta Storage, Inc.,("QSI") moves to dismiss for an alleged lack of personal jurisdiction. QSI is the Taiwan-based parent of defendant

1   Quanta Storage America, Inc. ("QSA").  At the outset, QSI is correct that its prior participation as
2   a defendant in the class action cases within this MDL proceeding is not tantamount to consent to
3   jurisdiction in the DAP cases, nor a waiver of its right to challenge personal jurisdiction.  *See Dow*
4   *Chem. Co. v. Calderon,* 422 F.3d 827, 833 (9th Cir. 2005) (defense on the merits of one suit not a
5   consent to jurisdiction in related suit by other plaintiffs).  That said, QSI's ongoing participation in
6   other aspects of this MDL proceeding undercuts any argument that subjecting it to suit in the DAP
7   cases would fail to "comport with fair play and substantial justice." *Burger King Corp. v.*
8   *Rudzewicz*, 471 U.S. 462, 476 (1985).

9   Furthermore, both plaintiffs have adequately pleaded that QSI engaged in a price-fixing
10  conspiracy directed at the forum, to support minimum contacts, including specific instances of
11  QSI employees exchanging pricing information with competitors with respect to ODDs to be sold
12  here.  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091589, at *6 (N.D. Cal.
13  Mar. 13, 2014) (holding that allegations that a defendant, a French company with its principal
14  place of business in France, had engaged "in price-fixing discussions concerning products actually
15  sold to and purchased in the United States" were sufficient to show purposeful direction); *In re*
16  *TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 5444261, at *5 (N.D. Cal. Nov. 9, 2011)
17  (holding that a Taiwan corporation was subject to personal jurisdiction where the plaintiffs
18  demonstrated that it exchanged competitor pricing information for products sold in the United
19  States).  Accordingly, QSI's motions to be dismissed from C13-5370 RS and C13-5372 RS, for
20  lack of personal jurisdiction are denied.

22  C.  Quanta defendants' additional pleading challenges
23  The balance of the Quanta defendants' motions to dismiss in C13-5370 RS and C13-5372
24  RS present arguments that have been repeatedly addressed in this MDL proceeding; although the
25  particular complaints now in dispute are separate from those addressed in prior orders, the
26  allegations are substantially similar in all material respects to those previously evaluated. First,
27  while some specific defendants have previously obtained dismissals based on a lack of allegations

specifically identifying their supposed roles in the conspiracy, the charging allegations here include particular instances of alleged information sharing by Quanta personnel in furtherance of the supposed conspiracy.  Although the averments specific to the Quanta entities may be thin, they are consistent with those previously found sufficient as to other defendants.

The Quanta defendants' remaining arguments that the claims fail in whole or in part under *Illinois Brick* and/or the FTAIA, as in prior motion practice, implicate issues that ultimately may be appropriate for consideration on summary judgment, but which do not warrant dismissal at the pleading stage.  Accordingly, the motions to dismiss are denied.

### D. Motion to consolidate

Defendants seek complete consolidation of the two actions brought by HP, or at a minimum, consolidation for all pretrial purposes.  *In re Korean Air Lines Co., Ltd. Antitrust Litigation*, 642 F.3d 685, 700 (9th Cir. 2011) holds that there generally is no jurisdiction to consolidate actions "for all purposes" in the MDL context.  Even assuming *Korean Air* stands as no bar where, as here, the two cases transferred in from the same district, no compelling reason appears why it would be necessary or appropriate to order consolidation through trial at this juncture.

As to consolidation for other purposes, defendants have not shown that attaching such a label, or even requiring the filing of a single consolidated complaint, would materially advance the orderly disposition of this litigation.   While some of the prior efforts to coordinate scheduling in the two matters appear to have gone less smoothly than might be desired, there is no reason that counsel cannot be expected to avoid unnecessary duplication of effort and timing inconsistencies in the future, even absent formal "consolidation."   Accordingly, the motion is denied.

**IT IS SO ORDERED**.

Dated: April 28, 2015

RICHARD SEEBORG  
United States District Judge