IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Hewlett-Packard Company, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civ. A. No. 4:18-00762 |
| Toshiba Corporation, et al., | § § | |
| *Defendants*. | § § | |

**PLAINTIFF'S MOTION IN LIMINE**

**TO THE HONORABLE DAVID HITTNER:**

Prior to the voir dire examination of the jury, and before presentation of any evidence, Plaintiff Hewlett-Packard Company ("HP"), moves the Court to order Defendants Quanta Storage Inc. and Quanta Storage America, Inc. (collectively "Quanta"), their attorneys, and witnesses, to refrain from mentioning or referring to, directly or indirectly, in any manner whatsoever, including the offering of testimony and/or exhibit, before the jury panel or the jury itself, the matters listed below, without first approaching the bench out of the hearing and presence of the jury panel and jury:

(1)  That any question ultimately submitted to the jury in the Verdict Form is the question of a particular party. Fed. R. Evid. 402, 403.

1

GRANTED_____          DENIED_____

(2) Any statement that tends to inform the jury of the effect of their answers to specific questions asked of them in the Verdict Form. *See Cate v. Good Bros., Inc.*, 181 F.2d 146, 149 (3d Cir. 1950); *Thedorf v. Lipsey*, 237 F.2d 190 (7th Cir. 1956); *Ratigan v. New York Cent. R.R. Co.*, 291 F.2d 548, 554 (2d Cir. 1961); *Lowery v. Clouse*, 348 F.2d 252, 260–61 (8th Cir.1965).

GRANTED_____          DENIED_____

(3) Asking a witness about statements made by counsel during voir dire or opening statements. Fed. R. Evid. 402, 403. *U.S. v. Masat*, 896 F.2d 88, 97 (5th Cir. 1990).

GRANTED_____          DENIED_____

(4) Any reference to the non-appearance at trial of any person identified as having knowledge of relevant facts or other potential witness or to comment or speculate as to the reason for the non-appearance or the probable testimony of such a witness. Fed. R. Evid. 402, 403. *McClanahan v. U.S.*, 230 F.2d 919, 925–26 (5th Cir. 1956).

GRANTED_____          DENIED_____

(5) Any alleged failure or refusal on the part of Plaintiff or their counsel to provide the Defendants with discovery, or any suggestion that Plaintiff has not

2

engaged in good faith discovery or have withheld or failed to produce any document or other material to which the Defendants claim to be entitled. Fed. R. Evid. 402, 403.

                GRANTED_____        DENIED_____

(6)    That settlement negotiations have, or have not, taken place between Plaintiff and Defendants. Fed. R. Evid. 408, 403(b).

                GRANTED_____        DENIED_____

(7)    Any demonstrative evidence that has not previously been shown to Plaintiff's counsel outside the presence of the jury pursuant to the Parties agreement.

                GRANTED_____        DENIED_____

(8)    Any pre-trial motions filed by either Plaintiff or Defendants and any ruling on such motions. Fed. R. Evid. 402, 403.

                GRANTED_____        DENIED_____

(9)    Any request for an agreement or stipulation from Plaintiff's counsel.

                GRANTED_____        DENIED_____

(10)    Any testimony from any witness, expert or factual, whose identity and/or substance of testimony has not been properly and timely disclosed in response to discovery requests directed to the same or that has been disclosed in accordance

3

with any applicable scheduling orders. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

GRANTED_____     DENIED_____

(11)   Any reference to the fact that HP sued other companies who are no longer defendants in this case.

GRANTED_____     DENIED_____

(12)   Any reference to the fact that HP settled with any other party or defendant in this case.

GRANTED_____     DENIED_____

(13)   Any reference to the size of HP, the profitability of HP or the amount of HP's revenues.

GRANTED_____     DENIED_____

Respectfully submitted,

**BECK │ REDDEN LLP**

*/s/ Alistair B. Dawson*
    Alistair B. Dawson
    Texas Bar No. 05596100
    Fed. ID No. 12864
    adawson@beckredden.com
    1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone: 713-951-3700
Facsimile: 713-951-3720

**ATTORNEY-IN-CHARGE FOR PLAINTIFF HEWLETT-PACKARD COMPANY**

**OF COUNSEL:**

**BECK │ REDDEN LLP**
Alex Roberts
State Bar No. 24056216
Fed. I.D. No. 865757
Garrett S. Brawley
State Bar No. 24095812
Fed. I.D. No. 3311277
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720
E-mail: aroberts@beckredden.com
E-mail: gbrawley@beckredden.com

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on August 30, 2019, that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                           */s/ Alistair B. Dawson*
                                           Alistair B. Dawson