# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Hewlett-Packard Company, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. A. No. 4:18-00762 |
| | § | |
| Quanta Storage, Inc. and | § | |
| Quanta Storage America, Inc. | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION FOR SHOW CAUSE HEARING REGARDING QUANTA'S NON-COMPLIANCE WITH COURT'S TURNOVER ORDER

COMES NOW, HP Inc. f/k/a Hewlett-Packard Company ("HP") and files this Motion for Show Cause Hearing Regarding Quanta's Non-Compliance with Court's April 1, 2020 turnover order showing the Court as follows:

### I.  INTRODUCTION

This Court awarded HP Inc. (f/k/a Hewlett-Packard Company) ("HP") a judgment of $438,650,000.00 against Quanta Storage, Inc. ("Quanta") on January 2, 2020. (Dkt. No. 334). On April 1, 2020, based in part on Quanta's refusal to post a supersedeas bond, this Court ordered Quanta to turn-over all of its nonexempt property and any documentary evidence of its non-exempt property pursuant to the Texas Turnover Statute (the "Turnover Order"). (Dkt. No. 424).

Based on the Turnover Order, HP sent the letter attached to this Motion as **Exhibit A** to Quanta on April 2, 2020. In this letter, HP requested compliance with the Court's Turnover Order by April 8, 2020 (seven days after the Court's Turnover Order) and provided the contact information of a constable prepared to take possession of the turned over property. **Exhibit A**. To the extent Quanta needed additional time, the letter encouraged Quanta to reach out to HP to discuss these issues. As of this filing, Quanta has not reached out to HP or turned over any non-exempt property or documentary evidence. *See* **Exhibit B**, Dec. of A. Dawson. Based on this non-compliance, HP requests a show cause hearing.

## I. ARGUMENTS AND AUTHORITIES

**A. Legal Standard.**

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1996); *see also Shafer v. Army & Air Force Exchange Serv.*, 376 F.3d 386, 396 (5th Cir. 2004). "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581–82 (5th Cir. 2005). In the context of civil contempt,

2

clear and convincing evidence is "that weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Shafer*, 376 F.3d at 396. To be clear, intent is not an issue in civil contempt proceedings; rather, "the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Jim Walter Resources, Inc. v. International Union, etc.*, 609 F.2d 165,168 (5th Cir.1980). "Willfulness is [also] not an element of civil contempt." *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). Once the movant has established the failure to comply with an order, then the respondent bears the burden of showing mitigating circumstances that might permit the court to withhold exercising its contempt power. *Whitfield v. Pennington*, 832 F .2d 909, 914 (5th Cir. 1987).

**B.     Quanta Refuses to Comply with a Clear and Direct Order.**

This Court's Turnover Order required Quanta to turnover (1) all of its non-exempt property and (2) any documentary evidence of its non-exempt property. (Dkt. No. 424 at 3). Despite this clear and direct Order, Quanta has failed to turn-over *any* of its non-exempt property or *any* of the documentary evidence of this property to Constable Alan Rosen's office (as requested by HP). *See* **Exhibit B**.

## C. This Court Should Issue A Show Cause Order.

By Quanta's own admission, extensive non-exempt property exists and is properly subject to this Court's Turnover Order. (Dkt. No. 412, Ex. 1). Accordingly, Quanta's failure to turnover this property constitutes contempt of this Court's Turnover Order. *Sec. & Exch. Com'n v. Res. Dev. Intern., LLC*, 3:02-CV-0605-R, 2004 WL 2599886, at *2 (N.D. Tex. Nov. 15, 2004) (finding contempt based, in part, on party's failure to comply with turnover order and ordering him into federal custody until he complies). HP therefore requests that the Court issue a show cause order requiring Quanta's President, Chief Executive Officer or Chief Financial Officer to appear (either in person or by live videoconference) and show cause why Quanta should not be held in contempt for its failure to comply with the Turnover Order. At the show cause hearing, Quanta should also be required to explain how it intends to comply with the Court's Turnover Order to avoid sanctions. A form of order has been submitted with this Motion.

Upon an opportunity to be heard (and if it is determined that Quanta will not comply with the Court's Turnover Order without additional coercion), Quanta should be held in contempt and punished appropriately. A contempt order might, by way of example only, require Quanta, and potentially its President, Chief Operating Officer and/or Board of Directors, to pay $50,000.00 per day until Quanta complies with the Court's Turnover Order. The contempt order may also appoint a receiver

to effectuate the transfer of Quanta's patents and trademarks and other non-exempt property. It is worth noting, the United States Supreme Court has made clear that a corporation's non-compliance can also be addressed through sanctions of the individual or individuals controlling the corporation:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376, 31 S. Ct. 538, 543, 55 L. Ed. 771 (1911); *see also Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) ("As executive officers of the APA, LaVoy and Mayhew are subject to contempt charges for their failure to cause the APA to comply with the district court's order"); *Elec. Workers Pension Tr. Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003) ("Pipia, as an officer of the corporation and the one responsible for the corporation's affairs, was subject to the court's order just as the corporation itself was … [b]ecause Pipia either 'prevent[ed] compliance or fail[ed] to take appropriate action within [his] power for the performance of the corporate duty,' the district court had the authority to hold Pipia in contempt.").

### III.   CONCLUSION

For the foregoing reasons, HP respectfully requests this Court issue a show cause order requiring Quanta's President, Chief Executive Officer or Chief Financial

5

Officer to appear (either in person or by live videoconference) and show cause why Quanta should not be held in contempt for its failure to comply with the Turnover Order and explain how Quanta intends to comply with the Court's Turnover Order. HP also requests such other relief to which it has shown itself entitled.

April 13, 2020

Respectfully submitted,

**BECK│REDDEN LLP**

By: /s/ *Alistair B. Dawson*
    Alistair B. Dawson
    Federal I.D. No. 12864
    State Bar No. 05596100
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
(713) 951-3700 (Phone)
(713) 951-3720 (Fax)
adawson@beckredden.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF HEWLETT-PACKARD COMPANY**

**OF COUNSEL:**
**BECK│REDDEN LLP**
Alex Roberts
State Bar No. 24056216
Fed. I.D. No. 865757
Garrett S. Brawley
State Bar No. 24095812
Fed. I.D. No. 3311277
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720
E-mail: aroberts@beckredden.com
E-mail: gbrawley@beckredden.com

# CERTIFICATE OF CONFERENCE

I have conferred with counsel for Quanta Storage, Inc with regard to the foregoing motion and confirmed that Quanta Storage, Inc is opposed to this motion. During those conferences, I was told that Quanta's counsel in California was handling Quanta's compliance with this Court's order. I asked the California counsel what Quanta intended to do in response to this Court's order and was told that "Quanta will make its subsequent move."

*/s/ Alistair B. Dawson*
Alistair B. Dawson

# CERTIFICATE OF SERVICE

The undersigned hereby certifies on April 13, 2020, that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Garrett S. Brawley*
Garrett S. Brawley